In the Matter of WALTER MEYER, Respondent, v. H. ELIOT KAPLAN et al., Constituting the Civil Service Commission of the State of New York, et al., Appellants.

Third Department, February 10, 1965.

*Louis J. Lefkowitz, Attorney-General* (*Joseph J. Rose* and *Paxton Blair* of counsel), for appellants.

*Elias Moubar* for respondent.

*Beverly Cipollo Tobin* for intervenors.

HERLIHY, J. This proceeding was decided, prior to our decision in *Matter of Bucalo v. Kaplan* (19 A D 2d 478), on the grounds that the notice indicating the scope of the present examination was too broad and indefinite and did not adequately apprise the candidate of the nature of the test. In *Bucalo,* in a similar factual situation we found, as we find here, that the notice indicating the scope of the examination was adequate.

The other issue raised, but not decided by Special Term, relates to the rating factors and we concern ourselves with this phase of the examination.

About the only logical complaint that can be directed to this aspect of the examination concerns the requirement of a separate evaluation breakdown of each of the components which comprised a factor. We think it would be better practice for the examiners to follow this procedure rather than, as here, to arrive at an over-all evaluation for each factor. We repeat our prior statement in *Bucalo*: "We are of opinion it would be entirely practical for the examiners to have followed guidelines in valuing the components in their testing *and to have stated the results as to each component.*" (19 A D 2d 478, 480) (emphasis added.)

However, in this instance, the determination of the Civil Service Commission should be affirmed.

The present record discloses that the examiner had rating sheets separated into the two main factors, *potential supervisory ability* which listed four rating components, to wit:

(a) analytical ability to grasp the important elements in a supervisory problem

(b) initiative, resourcefulness, ability to plan a course of action

(c) decisiveness, perseverance, leadership

(d) sufficient force and energy level to control and develop staff,

and *skill in interpersonal relationships,* also listing four rating components, to wit:

(a) ability to relate to others, freedom from objectionable mannerisms

(b) tactfulness, regard for others

(c) self-confidence, persuasiveness

(d) judgment in dealing with supervisors, staff, employers, applicants.

The rating sheet of each examiner set forth his evaluation for each of the two factors. Points received by a candidate were determined by the total (or combined) rating of the three examiners. When applied to the scale of 100, his final mark was ascertained. For example, "Any candidate who received a total of 40–42 points would be given a rating of 75 on the scale of 100. Any total of more than 42 points would result in a relatively higher rating; any total below 40 points would result in a relatively lower rating". The test is demonstrated when applied to the examination of the petitioner, Walter Meyer:

| Examiner Schneider | 6 First factor | |
| | 7 Second factor | 13 points |
| Examiner Bernstein | 6 First factor | |
| | 6 Second factor | 12 points |
| Examiner Olson | 6 First factor | |
| | 6 Second factor | 12 points |
| | | 37 points |

Petitioner's total points were 37, which resulted in a rating of 67 on the scale of 100. In arriving at his evaluation of each factor, each examiner set forth his comments, without which, in this particular instance, there would be no basis for determining how the examiner reached his total rating of the combined components contained in each factor since each of those components was not separately evaluated.

The test for determining the sufficiency of examinations was set forth in *Matter of Fink* v. *Finegan* (270 N. Y. 356) where it was held that the "measures" or the "standards" shall be "sufficiently objective" so that they may be intelligible to other competent examiners who may review them.

The record in this proceeding sets forth sufficient information to satisfy the *minimal* requirements to permit a reasonable review of the manner and method adopted by each examiner in arriving at his result.

The importance of full disclosure as to the methods of evaluation of oral examinations is best evidenced by the fact that although a candidate might score 100% on the written examination, he could, nevertheless, fail to receive a passing mark based upon the subsequent oral examination alone.

The order should be reversed on the law and the facts and petition dismissed.

GIBSON, P. J., TAYLOR, AULISI and HAMM, JJ., concur.

Order reversed, on the law and the facts, and petition dismissed, without costs.