Memorandum. It is a “ fair argument ”, and this is the test of the arbitrariness with which the commission is charged (see Matter of Wirzberger v. Watson, 305 N. Y. 507, 513), first, that familiarity with the questions in dispute, and knowledge of the official answers to them, derived by some examinees from prior study of the 1962 Police Yearbooh could Well impair the competitiveness of the examination, and, second, that the possibility of the acquisition of such prior knowledge was not so unreasonable or so remote as to warrant the finding that the commission’s action was arbitrary. Our decision in Matter of Chironna v. Watson (304 N. Y. 255, mot. for rearg. den. 304 N. Y. 738), which the parties construe with some divergence, dealt with “ defects which concededly made the original examinations noncompetitive ” (p. 258), and hence with the propriety of the corrective action undertaken, and did not, of course, encroach upon the broad area of administrative discretion conferred upon the commission in determining the basic issue of competitiveness.
The orders appealed from should be reversed, without costs, the determination of the municipal civil service commission reinstated, and the petitions dismissed.
In the Matter of Katz: Chief Judge Fuld and Judges Burke, Bergan, Breitel, Jasen and Gibson concur; Judge Scileppi dissents and votes to affirm on the opinion at Special Term.
Order reversed, without costs, the determination of the municipal civil service commission reinstated and the petition dismissed in a memorandum.
In the Matter of Elliott: Chief Judge Fuld and Judges Burke, Bergan, Breitel, Jasen and Gibson concur; Judge Scileppi dissents and votes to affirm on the opinion at Special Term in Matter of Katz v. Hoberman, decided herewith.
Order reversed, without costs, the determination of the municipal civil service commission reinstated and the petition dismissed in a memorandum.