Memorandum. Upon reargument, we adhere to our original decision and memorandum and write further only to touch upon certain questions suggested on the reargument — one as to the propriety of the common practice of using questions propounded on previous examinations and the other as to the practicability of excising the questions here in dispute.
The examination was canceled, before any of the papers had been graded, when the commission learned that it had been mis *972 taken in believing that there had not been released to the public the California examination from which it had extracted and used, in completely identical form, a block of 12 multiple-part questions. Neither the commission’s cancellation of the examination nor our decision sustaining that action reflected adversely upon the general and entirely proper practice of utilizing previous examinations as sources of questions. Appellant director, in opposing the article 78 application in this case, stated that such is the appellants ’ practice but that they ‘ ‘ would never excerpt 12 questions ad seriatim from a single previous examination for inclusion in another examination; nor would they lump together a series of questions borrowed from a previous examination. ’ ’
As respects the practicability of excising the 12 disputed questions, which dealt with correct English usage, it is clear that the decision to apply tests in this subject to candidates for police captaincies was within the area of the commission’s authority and, accordingly, that judicial excision of the questions would constitute an improper intrusion upon the commission’s prerogatives and a substitution of the court’s judgment for that of the commission, in contravention of the fundamental law obtaining in this area.