■ In the Matter of CHARLES MITCHELL, Respondent, v. ERSA H. POSTON, as President of the New York State Civil Service Commission, et al., Appellants. —Judgment unanimously reversed, on the law and facts, without costs, and petition dismissed. Memorandum: The respondent was a candidate for the competitive civil service position of Assistant Regional Park Manager. The candidates were graded on tests divided into written and oral segments. Under the rules, only the top 20 candidates passing the written test were eligible for the oral test. Respondent not only was not among the top 20 candidates, but he failed to pass the written test. He brought this special proceeding under CPLR article 78 to set aside the results because of an error in administering the test. Special Term held that the examination was not competitive and annulled the test results. It appears that inadvertently, candidates taking the test in Poughkeepsie were not tested on 30 of the total 105 questions given candidates on the State-wide test. To overcome this mistake, appellant selected 30 new questions by computer from the commission's storage bank and administered those questions to the three Poughkeepsie candidates affected. Appellant states that the original 30 questions and the supplemental 30 questions were statistically comparable and interchangeable. On the original test, 36 of 52 candidates passed and 16, including petitioner, failed. Of these original 36 passing candidates 24 were invited to take the oral test. Of the three Poughkeepsie candidates who took the supplemental test all passed and two were eligible for the oral examination. Apart from the supplemental Poughkeepsie examination, respondent did not pass the written test and was not eligible for the oral test. Nothing done by the Civil Service Commission to correct the Poughkeepsie error worsened his position in any way. He is not personally aggrieved by appellant's actions and cannot maintain this proceeding solely as an interested citizen. (*Matter of Posner* v. *Rockefeller,* 26 N Y 2d 970; *Matter of Donohue* v. *Cornelius,* 17 N Y 2d 390.) Furthermore, the action of appellant in selecting questions from its storage bank was not, *ipso facto,* improper. The appellant was vested with discretion to determine the competitiveness of examinations and to correct errors in a reasonable manner. (*Katz* v. *Hoberman,* 28 N Y 2d 530, rearg. 28 N Y 2d 970.) There is nothing

in the record to justify invalidating the tests solely because of the use of supplemental questions. (*Matter of Winnie* v. *Poston,* 36 A D 2d 991.) (Appeal from judgment of Onondaga Special Term annulling results of examination.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.