Frank X. Altimari, J.
This is a proceeding pursuant to CPLR article 78 wherein the petitioner seeks an order directing the regrading of petitioner’s examination paper, or in the alternative directing a new promotion examination for Court Stenographer, Supreme Court.
A trial was held. The following constitutes the court’s findings of fact and conclusions of law pursuant to CPLR 4213:
On September 22, 1973 the petitioner and 154 other candidates appeared at Washington Irving High School to take a promotion examination for the position of Supreme Court Stenographer. Fourteen classrooms were used to accommodate the 155 candidates.
The examination consisted of two parts — dictation and transcription. Petitioner, together with nine other candidates, was assigned to take the test in room 622. Prior to the commencement of the test in room 622 they were instructed not to utilize any reference materials, including a dictionary.
Eleven persons took the examination in room 610. The monitor in room 610 failed to instruct the candidates not to use a dictionary or other reference books. Two persons who took the test in room 610 observed that dictionaries were used. One of the persons testified that she had used a dictionary..
The grading of the candidates’ answers was based in part upon correct spelling. If a candidate misspelled a word the examiners deducted .226 of a point. Seventy was the minimum passing grade.
The petitioner herein received a score of 69.3 which after regrading was reduced to 69. The petitioner misspelled eleven words. Accordingly, it is alleged that if petitioner had been *1086 able to use a dictionary he would have achieved a grade of 71.486 or 71.5, a passing grade.
Petitioner’s dependence on the conjectural "if’ at once marks the argument as a flight into fancy unencumbered by the reality of fact. The fact simply stated is that petitioner adhered to the monitor’s instruction and properly did not use a dictionary.
What might have been is not what is. The charm of the "if’ is as distinct from the "is” as the lure of the "like” is distinct from the urgency of the "ought”. All the "if’ statements, all the hypothetical propositions, all the cogent conjectures are no substitute for the truth.
In view of the fact that the petitioner failed the promotion examination by following the monitor’s proper and complete instructions, he is not personally aggrieved by the result. (Matter of Mitchell v Poston, 41 AD2d 886, affd 33 NY2d 569.) Consequently, this court will not direct that petitioner’s examination be regraded so that no points be deducted for misspelled words.
However, the petitioner herein does have standing as an interested citizen to challenge alleged violations of constitutional provisions governing the civil service. (See N.Y. Const., art V, § 6; Matter of Burke v Sugarman, 35 NY2d 39.)
After hearing the testimony adduced at trial and reviewing the minutes, this court holds that the petitioner has failed to demonstrate that the promotion examination was not competitive. (Matter of Winnie v Poston, 36 AD2d 991.)
Of 155 candidates who took the examination, two testified that dictionaries were used. One of the two who took the test in room 610 stated he did not use a dictionary, and that he felt it would not have assisted him if he did use it. He, like petitioner, also failed the examination.
The other testified that she used the dictionary. She stated that she saw other dictionaries in room 610, but never stated that she saw others using them. There was no testimony offered that she passed the examination because she utilized the dictionary. Finally, such person was not selected for promotion although she was interviewed.
The test results reflect that in room 610 where the use of dictionaries was not prohibited, there were 11 candidates. Of the 11, three passed, a percentage of 27.27%. In room 622 where petitioner took the test two persons passed out of a *1087 total of seven, 28.57%. Thus, the candidates in the room in which dictionaries were prohibited did slightly better than the persons in the room in which dictionaries were not prohibited. Overall, of the 155 candidates who took the examination 69 achieved a passing grade, a total of 44.5%. Again, it is seen that even though a dictionary was used in room 610, there was no resulting benefit.
Based upon the foregoing, this court concludes that petitioner has failed to sustain his burden of proving that the examination was unlawful or not competitive. (Matter of Winnie v Poston, supra.) Therefore, the petitioner’s application is denied in all respects.