■ In the Matter of KEVIN CLARE et al., on Behalf of Himself and All Others Similarly Situated, Appellants, v WILLIAM E. KIRWAN, as Superintendent of New York State Police, Respondent. and JEROME L. O'GRADY et al., Intervenors-Respondents. In the Matter of ALFRED F. CRARY et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v NEW YORK STATE POLICE, Respondent, and JEROME L. O'GRADY et al., Intervenors-Respondents.—Appeals from judgments of the Supreme Court at Special Term, entered June 16, 1975 and June 26, 1975 in Albany County, which dismissed the respective petitioners' applications, in proceedings pursuant to CPLR article 78, upon objections in point of law. Seeking positions as lieutenants in the New York State Police, the petitioners in both of the instant proceedings took a promotional examination on January 25, 1975. On these appeals, they now contend that this examination should be set aside because it was not truly competitive. In support of their position, they argue that certain of those taking the examination had an unfair advantage because they were stationed in Albany at or near the Police Academy wherein a confidential bank of questions utilized as a source for the examination was maintained and, thus, allegedly had access to the questions. Additionally, they further argue that unfair advantage resulted from a course conducted at the police academy to prepare prospective candidates for the examination. They maintain that, practically speaking, only those residing in the Albany area could avail themselves of the course in which the instructors utilized questions from a prior examination given to recruits which appeared in substantially the same form on the promotional examination in question here. As noted above, Special Term dismissed both petitions, and, in so doing, it found the allegations contained in said petitions to be unsupported, conclusory and irrelevant even if accepted as true. We agree with Special Term. Obviously, such a promotional examination must be, as far as practicable, competitive (NY Const., art. V, § 6), but we find no indication that such was not the case here. All of the candidates were made aware of the scope of the examination, and nothing in the record suggests that either the instructors of the preparatory course at the police academy or any of the candidates had prior knowledge of the questions to be asked. Furthermore, study groups similar to the group which attended the course

at the police academy were formed in several areas of the State, and, if the Albany group happened to study questions which later were on the examination, it appears that this circumstance was, as found by Special Term, purely fortuitous. Petitioners' reliance on *Matter of Katz v Hoberman* (28 NY2d 530, affd on rehearing 28 NY2d 970, cert den 404 US 881) is clearly misplaced, because in that case the setting aside of a promotional examination by a municipal civil service commission was reinstated, based upon the commission's broad discretion, and, upon the rehearing, the court expressly approved of the general practice of using prior examinations as a source for questions. Judgments affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.