RUSSELL J. MILLS, on Behalf of Himself and All Others Similarly Situated, Respondent, v VICTOR S. BAHOU, as President of the New York State Civil Service Commission, et al., Appellants.

Third Department, December 20, 1976

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for appellants.

*Roemer & Featherstonhaugh (Thomas A. Conway* of counsel), for respondent.

GREENBLOTT, J. The New York State Department of Civil Service announced interdepartmental promotion examinations to be held November 1, 1975 for the positions of Associate Administrative Analyst (Grade 23) and Associate Budgeting Analyst (Grade 23). The announcements stated that the qualifying experience for candidates taking the tests was six months of permanent competitive service as follows:

For Associate Administrative Analyst:

"Either A. as a Senior Administrative Analyst

"or B. as a Senior Computer Systems Analyst, Senior Building Space Analyst, Senior Capital Program Analyst, Research Analyst (various), Senior Municipal Research Analyst, Administrative Assistant, or Senior Budgeting Analyst."

For Associate Budgeting Analyst:

"Either A: as a Senior Budgeting Analyst

"or B: as a Senior Administrative Analyst Administrative

Assistant Budget Examiner, Senior Internal Auditor, Senior Capital Program Analyst, Resources and Reimbursement Agent II, Senior Resources and Reimbursement Agent, Senior Business Management Assistant, Financial Secretary, Chief or Head Account Clerk, Chief or Head Audit Clerk, or in a professional accounting or auditing position as a grade 18 or higher."

On August 15, 1975 petitioner, a Senior Training Technician (Grade 18) in the New York State Department of Transportation, applied to take the examinations for Associate Administrative Analyst and Associate Budgeting Analyst. He was denied permission to participate in the examinations on the ground that his current title did not qualify him as an eligible candidate.

At Special Term, petitioner contended that a staffing services memorandum published by the Department of Civil Service on September 13, 1974 declared petitioner's title of Senior Training Technician to be among the collateral administrative titles specified in paragraph (a) of subdivision 6 of section 52 of the Civil Service Law, thereby making him eligible to participate in the examination. He further contended that the department's determination was based on its administrative convenience and was thus arbitrary, capricious and an abuse of discretion. Special Term found for the petitioner, stating (85 Misc 2d 390, 393): "once the Civil Service Commission determines, pursuant to subdivision 1 of section 52 of the Civil Service Law, that it is impracticable or against public interest to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion, the commission must extend eligibility for promotion to persons holding competitive class positions in lower grades which the commission determines to be in related or collateral lines of promotion".

We are of the view that appellants' determination not to include petitioner's title in the minimum qualifications required for admission to the examinations was a reasonable and proper exercise of their discretion. The New York Constitution (NY Const, art V, § 6) requires that appointments and promotions in the civil service shall be made according to merit and fitness, to be ascertained, where practicable, by competitive examination. The department is vested with broad discretion in order that it may implement the constitutional mandate (see, e.g., *Matter of Katz v Hoberman,* 28 NY2d 530,

mot for rearg granted 28 NY2d 859, original decision adhered to 28 NY2d 970, cert den 404 US 881).

The duty of establishing the requirements for the promotional examinations is conferred on the appellants alone, and may not be interfered with by the courts if fairly exercised (Matter of Maurizio v Hoberman, 39 AD2d 524).

Subdivision 1 of section 52 sets forth the basic principle that as a general rule promotions in all competitive positions are to be made from among persons holding lower grade positions in the direct line of promotions as determined by the Department of Civil Service; and that if the department determines that it is in the best interest of the public to do so, it may open the promotional field to persons in lower grade positions in collateral or related lines of promotion as determined by the department. The decisional law interpreting section 52 upholds the exercise of broad discretionary powers by the department. In Matter of Wirzberger v Watson (305 NY 507, 513), the Court of Appeals stated "the commission's fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action, '* * * even though they may differ from the commission as to its advisability.' "

The provisions of subdivision 6 of section 52 open the transfer and promotion field in administrative positions to collateral lines. The affidavit of Vella submitted by the department describes how the civil service examiner to whom an examination is assigned, must determine the relevance and adequacy of the normal promotional field and the desirability of extending the field to collateral positions. The affiant states that "[n]ormally the fields considered are titles with related or comparable duties at approximately the same grade as the title in the direct line of promotion." The memorandum of James Sever (Sept. 18, 1975) constitutes further evidence of a "fair argument" to sustain the action of the department. (See, also, Matter of Hoffman v Poston, 49 AD2d 316.)

The judgment should be reversed, on the law, and the petition dismissed, without costs.

KOREMAN, P. J., SWEENEY, KANE and HERLIHY, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.