■ In the Matter of JUNE M. DIXON, Appellant, v VICTOR S. BAHOU et al., Constituting the New York State Civil Service Commission, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 14, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to direct that Civil Service Examination No. 27-616 be declared null and void and to direct that the respondents prepare and offer a new written examination. Near the end of 1976, the petitioner, after almost 10 years of employment with the State of New York in a noncompetitive Grade 10 position denominated as "Community Worker", was advised that her position was being abolished. She was told that a similar position, that of Employment Service Assistant I, was available and would require an examination. In November, 1976, the respondent, New York State Department of Civil Service (hereinafter respondent) announced the availability of this new position, which was a four-year program culminating in the Grade 14 position of Employment Interviewer. The announcement required those persons interested to submit an application detailing specified types of prior employment and based upon the respondent's evaluation thereof a "score" would be assigned to each applicant. Every applicant with an employment score equal to or higher than that "achieved by the two hundred fiftieth highest ranking candidate" would be qualified to take a test for the entry level position. However, there would be no written test, only an oral test to judge the applicant's ability to: "1. Reason clearly and make sound judgments 2. Express your ideas clearly and effectively 3. Establish and maintain satisfactory relationships with others, including co-workers, clients, and supervisors." As required, the petitioner submitted a detailed application showing that, in addition to past employment which met the requirements of the respondent, she also had successfully completed several college

courses. Subsequent to the submission of the application, the petitioner was called to take the oral test. By letter dated March 8, 1977, she was advised that she had failed the oral test. The examination announcement had stated that applicants must pass *both* the work evaluation part and the oral test part in order to be considered for appointment. Accordingly, the letter of March 8, 1977 stated that she would not be placed on the eligible list. The petitioner objected to her failing score and diligently pursued her administrative remedies, but the result remained unchanged. On September 28, 1977, her position of Community Worker was abolished. In seeking judicial review, the petitioner questions the propriety of the use of an oral examination and whether the conduct, review and rating of the examination properly conformed to objective standards. Special Term ruled against the petitioner on all issues and dismissed her petition. It is well established that section 6 of article V of the New York State Constitution, which mandates that appointments to the civil service be based upon competitive examinations to the extent practicable, does not prohibit oral examination of candidates (*Matter of Sloat v Board of Examiners of Bd. of Educ. of City of N. Y.,* 274 NY 367, 373; *Matter of Fink v Finegan,* 270 NY 356, 372). The position of employment interviewer would certainly involve direct contact with the public and the capacity of the applicant to successfully carry out the policy of the State while dealing directly with the public in specific factual situations requires skills not easily measured by a written test. Accordingly, the determination of the respondent to utilize oral tests as an examination tool has a reasonable and rational basis (*Matter of Fitzgerald v Conway,* 275 App Div 205; *Matter of Firshein v Reavy,* 263 App Div 490, affd 289 NY 712). Further, the record clearly demonstrates the use of objective criteria in grading the candidate's oral responses and behavior which use would tend to minimize the risk of a purely subjective assignment of pass-fail grades to an applicant. The record contains a summary of the petitioner's grading and upon the entire record the complaints or objections of the petitioner either to the test itself or the particular grades she received have no substantial merit. Having concluded that the oral examination itself was not an abuse of the discretion of the respondent, the petitioner has failed to establish any impropriety as regards the testing process itself (see *Matter of Sullivan v Bahou,* 67 AD2d 771; *Matter of Barlow v President & Comrs. of N. Y. State Dept. of Civ. Serv.,* 28 AD2d 1058, affd 22 NY2d 714; *Matter of Meyer v Kaplan,* 22 AD2d 449, affd 16 NY2d 693). Judgment affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.