■ In the Matter of WILLIAM J. DE MARTINO et al., On Behalf of Themselves and All Others Similarly Situated, Appellants, v VICTOR S. BAHOU et al., Constituting the New York State Civil Service Commission, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 21, 1979 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Civil Service Commission, which excluded six job titles from eligibility for certain promotional examination. On December 8, 1978,

respondent Civil Service Commission rendered a determination excluding six job titles held by petitioners from eligibility from the Employment Security Manager and Senior Employment Security Manager promotional examinations for positions within the New York State Labor Department. The instant article 78 proceeding was commenced challenging that determination. Special Term dismissed the petition and this appeal ensued. Petitioners contend that the job titles they now hold qualified them by duties and experience to take the examination and point out that the six job titles in question were eligible to take a similar examination held in 1973. Consequently, they contend that the disqualifications were arbitrary and capricious. Respondents reply and state that the two positions in question were created between 1967 and 1970 and were positions at the entry level and not in the normal competitive promotional ladder. The prior examinations were, therefore, opened to many titles pursuant to section 52 of the Civil Service Law. It is urged that a large number of individuals taking the previous examinations rendered the giving of them administratively infeasible and it was thus necessary to restrict the number of eligible job titles. According to a memorandum of a Senior Staffing Service Representative a more thorough job analysis had been conducted after the 1973 examination and the actual and anticipated vacancies do not justify opening the examinations to other than related positions. It is further pointed out in the memorandum that if an in-depth job analysis had been made prior to the 1973 examination, the six titles in question would probably not have been eligible to take the examination. The respondents alone have the duty to establish the requirements for the promotional examinations and if fairly exercised this court may not interfere (Mills v Bahou, 55 AD2d 57). Upon examination of the entire record, we are of the view that respondents' determination should not be disturbed. Accordingly, the judgment dismissing petitioners' application must be affirmed. Judgment affirmed without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.