In the Matter of PHILIP SHERMAN et al., Appellants, v DEPARTMENT OF CIVIL SERVICE et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered November 9, 1979 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to void the results of competitive civil service examinations for the positions of Senior Parole Officer and Supervising Parole Officer. On January 13, 1979, promotional civil service examinations were given for the positions of Senior Parole Officer and Supervising Parole Officer, and petitioner Philip Sherman took the Supervising Parole Officer examination while petitioner Sidney Garber took the Senior Parole Officer examination. Seeking to have the results of the examinations voided and new examinations given, these petitioners argued at Special Term that some of those taking the subject examinations, but not others, had access to certain information upon which questions in each of the examinations were based and that this inequitable situation was not rectified by the action of the Civil Service Department in deleting the tainted questions from the examinations. The Supervising Parole Officer examination was also alleged to be deficient on the further ground that certain of the examination candidates, but not all of them, had in their possession and were able to study from a new parole officers manual before taking the subject examination. Special Term ruled that neither of these alleged deficiencies in the examinations justified voiding the results of the examinations, and, accordingly, it dismissed the petition herein. This appeal followed. We hold that the judgment of Special Term should be affirmed. Even conceding that the questions premised upon information available to only some of the examination candidates jeopardized the competitiveness of the examinations, the remedial action taken in striking the troublesome questions was plainly reasonable and rectified the situation (cf. *Matter of Francis v Colucci,* 49 AD2d 1009), and there has been no showing that the deletion of the questions rendered the examinations deficient in any other way. Under these circumstances, the Department of Civil Service plainly did not abuse its broad discretionary power to determine the competitiveness of its examinations and to correct errors therein (see *Matter of Mitchell v Poston,* 41 AD2d 886, affd 33 NY2d 569). Similarly, the limited availability of the new manual does not justify nullification of the test results. As noted by Special Term, it is uncontroverted that no examination questions originated from the new manual and that, with the exception of the above-noted deleted questions, no questions originated from materials which were not available to all examination participants. Moreover, it has not been demonstrated upon the instant record that those participants who were able to utilize the manual to prepare for their examinations had any unfair advantage over the other candidates who were tested, and even if it were shown that the new manual was a more effective study aid, that factor would not necessarily render the examinations noncompetitive or require that the examination results be voided (cf. *Matter of Clare v Kirwan,* 50 AD2d 1034, mot for lv to app den 38 NY2d 711). Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.