■ In the Matter of LAWRENCE DESMOND et al., Appellants, v VICTOR BAHOU, as President of the New York State Civil Service Commission, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered July 7, 1980 in Albany County, dismissing the petition in a proceeding pursuant to CPLR article 78. The petitioners seek to annul a determination of the Civil Service Commission to withdraw 15 questions from the grading of a written competitive examination held on December 9, 1978 for the titles of Senior Employment Security Manager and Employment Security Manager and to certify an eligible list based on answers to those remaining questions. Subsequent to the examination, the Civil Service Department learned that 15 of the 90 questions used in the examination were equivalent to questions used in a training session attended by some 18 of the 500 candidates taking the exam. The testing staff ascertained that those who took the training session and had preparation in the 15 questions scored higher in the exam than other candidates. It was recommended to the Civil Service Commission that the questions be deleted. This recommendation was approved by the Civil Service Commission and the answer papers were rescored, reflecting the new scores. Petitioners, all of whom had taken the exam and none of whom had participated in the training session, failed the exam. They contend that they were denied the benefit of their answers to the 15 deleted questions and that the respondent abused its authority in arbitrarily withdrawing questions from what was a competitive examination. It is undisputed that the Civil Service Commission has wide latitude in deciding the competitiveness of a given examination *(Matter of Katz v Hoberman,* 28 NY2d 530). Judicial review is limited to an inquiry as to whether there was a rational basis for the commission's action *(Matter of Banko v Bahou,* 69 AD2d 933). Although we might question the necessity for the instant action in circumstances where candidates, through their industry, fortuitously prepare for test questions which ultimately find their way into the exam, we cannot say that the commission's decision is without rational basis. The remaining questions constitute a fair test of the exam and

the commission's action was taken to safeguard the competitive integrity of the examination. The action was reasonable and, therefore, it was a valid exercise of the discretion vested in the Department of Civil Service *(Matter of Sherman v Department of Civ. Serv., 77 AD2d 719)*. Judgment affirmed, without costs. Greenblott, J. P., Main and Mikoll, JJ., concur.

Casey, J., concurs in the result only in the following memorandum; Staley, Jr., J., not taking part. Casey, J. (concurring). I concur only in the result reached by the majority, for I cannot conclude that the respondents' withdrawal of 15 questions from consideration for grading purposes is rational in the circumstances. The only reason given for the determination is that 18 applicants (out of a total of 500) in a training session held in preparation for the examination happened upon questions and answers equivalent to the 15 disputed herein. Concededly, this was a fortuitous coincidence and involved no cheating, wrongdoing or unfairness. Knowledge or information obtained in honest preparatory study cannot be equated with undue advantage which is precisely what the respondents' determination does. Its irrationality lies either in outlawing all preparatory study or in requiring such study to avoid the subject matter of the examination, a fact that cannot possibly be ascertained until the examination is given and its questions revealed. Despite this conclusion, however, these petitioners have failed to demonstrate how they were adversely affected by the determination. The petitioners did not participate in the training session nor have they shown that the failing grades they all received would be changed to passing if the 15 questions were counted. For this reason, I concur in the result.