■ In the Matter of ANTHONY ESPOSITO et al., Respondents, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Appellants. — Appeal, by permission, from an order of the Supreme Court at Special Term (Kahn, J.), entered November 17, 1980 in Albany County, which directed a nonjury trial of factual issues purportedly raised in the course of a proceeding brought pursuant to CPLR article 78. Petitioners hold provisional appointments to positions entitled Rehabilitation Counselor and Rehabilitation Counselor Trainee in the Office of Mental Health of the New York State Department of Health. In January, 1980 the Department of Health issued an announcement of examinations to be held for these titles. The tests given consisted of written, multiple choice and short answer type questions. Prior to those examinations being held, petitioners had unsuccessfully sought to have the Department of Civil Service and the Civil Service Commission change the format of the examinations. In their view, the only appropriate and efficient method of evaluating merit and fitness for these positions was an unassembled examination which is based on the examinee's training and job experience. Special Term concluded that a triable factual issue existed regarding whether an assembled test could be used to determine merit and fitness for the two job titles involved. Inasmuch as the Civil Service Commission is accorded wide latitude in deciding the competitiveness of a particular examination, judicial review in this area is confined to determining whether respondents acted rationally *(Matter of Desmond v Bahou, 78 AD2d 923; Matter of Banko v Bahou, 69 AD2d 933).* While the testing method petitioners suggest may well be superior to the one respondents employed, that does not justify judicial intervention, for the issue is not whether petitioners' method is preferable but whether respondents' is irrational. In their effort to demonstrate irrationality, petitioners offer merely conclusory assertions that respondents' choice was arbitrary and capriciously arrived at, and that simply is insufficient to raise a triable issue as to whether respondents' testing choice lacked a rational basis (see *Matter of Trotta v Kirwan, 47 AD2d 685).* Accordingly, the order must be reversed and the petition dismissed. Order reversed, on the law, without costs, and petition dismissed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.