■ In the Matter of BARBARA H. FRICK, Respondent, v VICTOR S. BAHOU, as Commissioner of the New York State Department of Civil Service, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered January 19, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination by the Commissioner of the New York State Department of Civil Service denying petitioner's request to declare invalid the results of an oral civil service examination. In December of 1974, petitioner was provisionally appointed to the position of Team Treatment Leader — Mental Retardation. In August of 1978, the Department of Social Services announced that an examination would be given to qualified persons who sought permanent status for that position. Petitioner, desiring to continue in her position on a permanent basis, was thus required to take the examination, which she did. The notice of examination specifically provided, *inter alia,* that an oral qualifying examination would be conducted for those applicants who achieved a passing grade on the written competitive exam. Petitioner passed the written test with a grade of 83 but failed the oral examination so that her name did not appear on the list of those eligible for a permanent appointment. Petitioner appealed to the Civil Service Commission alleging that the oral examination was deficient in that: the job announcement did not reveal the relative weight assigned to the oral examination; petitioner was examined by a panel of two instead of three members as usually provided; the examiners were not qualified; the questions asked have not been made available for review; and the subject areas tested were not revealed in the job announcement. After review, Department of Civil Service examiners found no manifest error and the respondent commissioner denied the administrative appeal. Petitioner then commenced an action for a declaratory judgment which Special Term properly converted to a proceeding under CPLR article 78. Special Term annulled respondent's determination and invalidated the results of the oral exam upon the ground that the oral qualifying examination should have been given prior to the written examination and that this error provoked confusion and uncertainty, a ground not presented or urged by petitioner. Special Term also ascribed serious error to the fact that petitioner was examined by only two examiners while most other applicants were examined by three. We disagree in each instance. It is well settled that the Civil Service Commission has wide latitude in deciding the competitiveness of a given examination *(Matter of Katz v Hoberman,* 28 NY2d 530; *Matter of Desmond v Bahou,* 78 AD2d 923). Respondent opted to limit the oral examination to those who had demonstrated

their ability by passing the written competitive examination. To have proceeded otherwise would have resulted in an unnecessary and useless waste of time and money and caused unnecessary inconvenience. The decision was not unfair or arbitrary but was reasonable and, therefore, was a valid exercise of the discretion vested in the Department of Civil Service *(Matter of Desmond v Bahou, supra; Matter of Sherman v Department of Civ. Serv.,* 77 AD2d 719). Moreover, the decision of respondents to use an oral test when dealing with skills not easily measured by a written test has a reasonable and rational basis *(Matter of Dixon v Bahou,* 67 AD2d 767). However, we agree that respondents' notice of examination was unclear in that it failed to advise candidates what effect their performance in the oral examination would have on their eligibility for appointment. Here, while petitioner had received a grade of 83 on the written test, her final score was reduced to 60 based on her oral examination score of 50. Clearly, the oral test was more heavily weighted in arriving at petitioner's final average, despite the notice of examination's declaration that "final scores will be based on written test scores only". Yet, since a passing grade on the oral test was a prerequisite to eligibility, petitioner cannot be the beneficiary of any error on respondents' part since she clearly failed the oral examination. We find no error in the use of two panelists for the oral examination instead of three. There is no requirement that a three-member panel be used and the makeup of the panel is a matter also within the discretion of the Department of Civil Service *(Matter of Sloat v Board of Examiners,* 274 NY 367). Lastly, we have examined the other deficiencies claimed by petitioner and, finding no support for them in the record, regard them to be without merit. Judgment reversed, on the law, determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.