■ In the Matter of LEONARD EPSTEIN et al., Appellants, v JOSEPH A. F. VALENTI, as President of the New York State Civil Service Commission, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered December 22, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to declare null and void civil service examinations for the positions of supervising labor standards investigator and senior labor standards investigator. Petitioners completed and passed written portions of civil service competitive examinations for the positions of either supervising labor standards investigator or senior labor standards investigator. Based on their scores, each petitioner was given a rank in the list of passing candidates for their respective positions. Thereafter, each petitioner was given a qualifying oral examination. They were subsequently informed by respondent Department of Civil Service that each had received an unsatisfactory rating on the qualifying oral test and that the department was therefore removing their names from the applicant eligibility list. Petitioners then instituted this CPLR article 78 proceeding to declare the examinations null and void on the ground that the examination announcement violated the department's own regulation (4 NYCRR 66.1) requiring that the announcement state the relative weight assigned to the oral examination. Special Term, in dismissing the petition, found that petitioners had failed to meet their burden of proving arbitrary and capricious conduct and that the administration of the examination did not deviate from the method set forth in the announcement. This appeal followed. Petitioners argue that since the examination announcement failed to state the relative weight to be given to the oral portion of the examination in contravention of respondent department's own rules and regulations (4 NYCRR 66.1), the examination must be declared null and void. We agree. Regulation 4 NYCRR 66.1 provides, in part: "Subjects of examination, *the relative weights assigned thereto* and the scale of points for creditable seniority and for performance ratings *shall be stated in the announcement of examination*" (emphasis added). The examination announcement, insofar as pertinent, provides: "Subject of examinations: Written test designed to test for knowledges, skills and/or abilities in such areas as * * *. Successful candidates on the written tests will be called to a *qualifying* oral test, designed to test, against the general background of the position(s), for ability: 1. To reason clearly and make sound judgments 2. To present ideas clearly and effectively 3. To establish satisfactory relationships with others" (emphasis added). It is not clear from the single word "qualifying" that a candidate must be successful on both the written test and the oral test in order to be considered for an appointment, as the announcement does not inform a candidate that an unsatisfactory oral test performance is weighted to totally negate a ranked score on the written test. Thus, the wording of the examination announcement failed to advise candidates of the relative weight to be given to the oral examination. Respondents, therefore, did not comply with 4 NYCRR 66.1. The judgment dismissing the petition entered at Special

Term should be reversed and the relief demanded in the petition declaring the examinations null and void should be granted (see *Matter of Frick v Bahou,* 56 NY2d 777). The rules of an administrative agency, duly promulgated, are binding upon the agency as well as upon any other person who might be affected (*id.,* at p 778; see, also, *People ex rel. Doscher v Sisson,* 222 NY 387, 393-394). Judgment reversed, on the law, with one bill of costs to petitioners, petition granted and the results of the examinations for the positions of supervising labor standards investigator and senior labor standards investigator are annulled. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.