OPINION OF THE COURT
Louis Sangiorgio, J.
In a proceeding pursuant to CPLR article 78 petitioners apply for a judgment declaring null and void civil service examinations for the position of treatment team leader in mental health, mental retardation and children and youth services. On March 12, 1985 petitioners requested and were granted, as part of their order to show cause, a temporary restraining order prohibiting respondents from removing them from their positions as provisional treatment team leaders.
On January 8, 1983 the respondents administered two written exams for the position of treatment team leader. Promotional candidates took promotion examination number 37-742 and open-competitive candidates took examination number 25-746. Both examinations were identical. However, eligibility for the promotion examination was by application and based on *87 meeting required years of service in certain permanent titles. Petitioners are not promotional candidates, therefore, they took the open-competitive examination.
The Department decided to implement a procedure by which both examinations were "zone scored”. The rationale behind this decision is set forth in respondents’ cross motion and supporting affidavits.
Prior to appointment to eligible lists, candidates were also required to pass an oral examination. Eligibility for this examination was restricted to those promotional candidates scoring a 97.5 or higher and, by nomination by local supervisors, to promotional candidates who scored in the "95” zone.
Petitioners allege that both the zone scoring and nomination procedures violate several sections of Civil Service Law, the New York State Constitution, New York State Executive Law § 296 and US Constitution 14th Amendment.
Petitioners contend that the zone scoring violated Civil Service Rule 3.5 (4 NYCRR). The rule provides that where the number of candidates is expected to greatly exceed the number of existing and anticipated vacancies, the President of the Civil Service Commission may adjust the passing grade, but must give notice of the adjustment in the examination announcement.
In the case sub judice, the adjustments made by the Department were to the scoring method, and not to the passing grade. No candidate’s competitive position was affected, as the zone scoring method was used to score all the examinations. It follows, therefore, that 4 NYCRR 3.5 is not applicable here.
Secondly, zone scoring was not implemented solely in anticipation of an excess of applications. As set forth in the affidavit of Robert Parrish, the Assistant Director of Examinations Staffing Division and Director of Staffing Services and in the interoffice memorandum, dated November 26, 1984, signed by Marcia Dudden, Associate Personnel Examiner, zone scoring was used to more effectively evaluate candidates’ qualifications for the position of treatment team leader.
In Matter of De Martino v Bahou (76 AD2d 1034 [3d Dept 1980]) the court affirmed the dismissal of petitioner’s application to review a determination of the Civil Service Commission which excluded six job titles from eligibility for a certain promotional examination. The respondent’s position was similar to the instant case. Respondent argued that the large number of individuals taking the preliminary open-competi *88 tive examination rendered giving the promotional examination administratively infeasible. It was further pointed out in a memorandum of a senior staffing service representative that if an in-depth job analysis had been conducted prior to the open exam, the six titles in question would not have been eligible to take the examination. The court then stated, "[t]he respondents alone have the duty to establish the requirements for the promotional examinations and if fairly exercised this court may not interfere”. (Supra, at p 1035, citing Mills v Bahou, 55 AD2d 57.)
In the instant case the Department faced this type of administrative obstacle and the Parrish affidavit and the Dudden memorandum explained the in-depth job analysis that was conducted.
4 NYCRR 66.1 was not violated as the examination announcements did include relative weights to be given to subjects of examination.
As to 4 NYCRR 67.1, the Department is authorized to use alternative methods in marking and grading examinations. We are satisfied that it used objective and predetermined standards in reaching its decision to zone score.
There is nothing in petitioner’s papers which furnishes evidence in support of any allegation that the action of the Department is improper. It is clear that no board or other ruling authority is in as good a position to evaluate the reasons for the particular procedures devised for an examination as the Civil Service Commission, which has before it all the facts and is cognizant of all the pertinent data. (Matter of Chapin v Schechter, 23 Misc 2d 190 [Sup Ct, NY County 1980].)
Failure to announce the use of zone scoring does not justify nullification of the test results. 4 NYCRR 67.1 (k) provides that when an alternative method is used in scoring, the nature of such adjustment shall be made known upon request (after) a candidate receives his score.
No objection was raised as to the content of the examination. Petitioners only contest the rationale behind the decision to zone score. Under these circumstances the Department did not abuse its broad discretionary power to select an appropriate method to compile an eligibility list in light of job requirements and economic and administrative constraints. (Matter of Mitchell v Potson, 41 AD2d 886, affd 33 NY2d 569.)
In addition to implementing zone scoring, the Department *89 also restricted eligibility for the oral examinations to promotional candidates. The qualifications for promotional candidacy are set forth in the promotion examination announcement.
Petitioners Booth and Schipani’s applications for the promotion examination were denied for lack of required qualifications. Petitioner Pervall did not apply for the examination. These facts are uncontested as is the decision to so limit eligibility to promotional candidates.
The petitioners were not injured because regardless of their score on the open-competitive examination, they were nevertheless ineligible for the oral examination whether automatically or by nomination. Therefore, whether or not the nomination process is valid has no bearing on petitioners’ claim.
Whereas zone scoring did not render the examination null, void and of no force or effect and petitioners each lack standing to contest the nomination process, petition is denied in all respects.