■ In the Matter of MICHAEL ALLPORT et al., Appellants, v CITY OF LOCKPORT et al., Respondents.—Judgment unanimously reversed on the law without costs and petition granted, in accordance with the following memorandum: Petitioners are City of Lockport firefighters who are seeking, in this CPLR article 78 proceeding, to enjoin respondents from making appointments to vacancies based upon the results of civil service examinations for the positions of lieutenant and captain. They contend that the administration of the examinations and the method used to correct the papers and establish eligibility lists for these positions were arbitrary, capricious and contrary to law. We agree.

There is no factual dispute as to what occurred. At the time of the examinations, the monitor, who was an employee of the City of Lockport Civil Service Commission, interrupted the test and instructed the candidates who were taking both examinations to complete two separate answer sheets rather than one. They were further instructed to transfer the answers to questions that were common to both examinations from one sheet to the other. This procedure was contrary to past practice when candidates taking two examinations with common questions were required to complete only one answer sheet. After the examinations, a number of the candidates expressed their concern about the disruption of their thought process and whether they might have incorrectly transposed answers from one sheet to the other. The respondent State of New York Department of Civil Service confirmed that the monitor's instructions were erroneous and advised that the examinations would have to be manually scored with the examination papers compared against each other. During this process it is conceded that candidates were given credit for correctly answering a question if the correct answer was given on either answer sheet. The examiner responsible for the examination determined that there were indeed conflicts in the answer papers for some candidates. Where the candidates had conflicting correct and incorrect answers, for the same question, the conflict was resolved in favor of the correct answer. Despite petitioners' protest, respondent City of Lockport Civil Service Commission established eligibility lists for fire lieutenant and fire captain based upon the disputed examinations of March 7, 1987.

Article V, § 6 of the NY Constitution provides that appointments and promotions in the civil service of the State and all civil divisions thereof shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examination. The Civil Service Commission is vested with wide latitude and discretion in deciding the competitiveness of a given examination and in correcting errors in a reasonable manner *(Matter of Katz v Hoberman,* 28 NY2d 530, *cert denied sub nom. Mooney v Hoberman,* 404 US 881; *Matter of Mitchell v Poston,* 41 AD2d 886, *affd* 33 NY2d 569; *Matter of Desmond v Bahou,* 78 AD2d 923, *lv denied* 52 NY2d 702).

Petitioners do not challenge respondents' authority to implement the constitutional mandate, but contend that the grading method adopted violates the constitutional mandate of competitive examinations. While this method of scoring results in a candidate receiving the highest possible score, it

does not result in his receiving what may be his "true score". Thus, the method of scoring impaired the competitiveness of the examinations and was arbitrary, capricious and contrary to law *(see, Matter of Katz v Hoberman,* 28 NY2d 530, *supra).* Petitioners are entitled to have the disputed examinations set aside, any appointments from the eligibility lists promulgated as a result of said examinations declared invalid and new examinations for the positions of fire lieutenant and fire captain held. (Appeal from judgment of Supreme Court, Niagara County, Doyle, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Green and Lawton, JJ.