■ In the Matter of RENEE J. GOODMAN, Respondent, v DEPARTMENT OF CIVIL SERVICE OF THE COUNTY OF SUFFOLK et al., Appellants.—In a proceeding pursuant to CPLR article 78, inter alia, to prohibit the respondents from selecting candi-

dates for permanent appointment to the position of photocopy machine operator, based upon the results of Suffolk County Civil Service Examination No. 86-0130-060, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered July 28, 1987, as granted the petition to the extent that the examination was deemed void ab initio and the appellants were restrained from selecting candidates for permanent appointment from the list of eligible candidates who took that examination.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the petition is denied in its entirety.

The petitioner commenced this proceeding after she failed to pass Suffolk County Civil Service Examination No. 86-0130-060 for the position of photocopy machine operator. The court declared the examination void on the ground that the public announcement of the examination was not issued in compliance with 4 NYCRR 66.1, which requires that such an announcement include the relative weights assigned to the subjects covered in the examination (see, e.g., Matter of Frick v Bahou, 56 NY2d 777; Matter of Epstein v Valenti, 97 AD2d 881). Although this issue involving the examination announcement was belatedly raised by the petitioner, the court did not err in considering its merits. However, we disagree with the court's conclusion.

4 NYCRR 66.1 is applicable only to "employments in the classified service of the State and public authorities, public benefit corporations and other agencies for which the Civil Service Law is administered by the State Department of Civil Service" (4 NYCRR 1.1). Suffolk County has promulgated civil service regulations pursuant to Civil Service Law § 20 (2) which have the force and effect of law (see, Matter of Albano v Kirby, 36 NY2d 526). Since the examination was administered by the Department of Civil Service of the County of Suffolk to provide a list of candidates eligible for a Suffolk County civil service position, the local regulations, and not the State regulations applied. The relevant Suffolk County regulation provides that an examination announcement must specify "the type(s) of test(s) (i.e., written, oral, performance, etc.) and the relative weights thereof" (Suffolk County Code § 580-6, rule V [B]). We find that the announcement of the examination, which involved only a written test, complied with this regulation. Furthermore, the announcement complied with the general statutory provision governing such announce-

ments (see, Civil Service Law § 50 [2]). Accordingly, the court erred in granting the petition on the ground that the examination announcement was defective.

The appellants have broad discretion to determine ·the competitiveness of examinations and to correct any errors (see, *Matter of Sherman v Department of Civ. Serv.*, 77 AD2d 719; *Matter of Katz v Hoberman*, 28 NY2d 530, *on rearg* 28 NY2d 970, *cert denied sub nom. Mooney v Hoberman*, 404 US 881). The actions of the appellants in correcting an error in a scheduling letter concerning the use of calculators and slide rules applied to all candidates and was rational and nondiscriminatory. Similarly, the content of the examination, if rational, should be upheld (see, *Matter of Esposito v New York State Dept. of Civ. Serv.*, 83 AD2d 679). The record establishes that the actions of the appellants were reasonable under the circumstances. Therefore, the petition is denied in its entirety. Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.