■ In the Matter of JOHN LAWSON et al., Appellants, v JUDITH LEVITT et al., Respondents. [621 NYS2d 613] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered January 4, 1994, which dismissed the remaining causes of action in appellants' CPLR article 78 petition challenging the competitiveness of a civil service examination, unanimously affirmed, without costs.

The New York State Constitution provides that civil service appointments "shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". (NY Const, art V, § 6.) The Civil Service Commission is vested with wide latitude and discretion in deciding the competitiveness of a given examination and in correcting errors in a reasonable manner. *(Matter of Allport v City of Lockport,* 144 AD2d 928; *Matter of Goodman v Department of Civ. Serv.,* 151 AD2d 481.) The evidence supports the findings of the Supreme Court, which

was in the best position to determine the credibility of the witnesses, that the competitiveness of Examination 6681 for the promotion of New York City Police Officers to the position of sergeant, unsuccessfully taken by all appellants herein, was constitutionally sound and was not administered in an arbitrary and capricious manner. *(Matter of Pell,* 34 NY2d 222, 231.)* While seven appellants testified that they were unable to see and or hear the videotaped scenarios upon which the questions were based as clearly as others in the room, successful candidates who took the test in the same rooms testified that they had no such difficulty during the test. Further, although unrefuted testimony of additional appellants revealed that they had encountered problems during the test's administration, and while some of those complaints are logged on the reports of monitors who proctored the test sessions, additional witnesses who took the test with other appellants testified that they did not encounter problems during the test. Since a rational basis supports the agency determination, that determination must be sustained, even when a similar quantum of evidence is available to support another conclusion. *(Matter of Collins v Codd,* 38 NY2d 269, 279.)* Thus, this Court may not re-weigh the evidence *(Matter of Berenhaus v Ward,* 70 NY2d 436).

We have considered appellants' other claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ.