■ In the Matter of FRED WILSON, Respondent-Appellant, v CATHERINE M. ABATE et al., Appellants-Respondents. [647 NYS2d 193] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 21, 1995, which granted petitioner's CPLR article 78 petition and annulled an eligible list, based on the results of a civil service examination administered by the New York City Department of Personnel, for the position of Captain in the New York City Department of Correction, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed.

The IAS Court annulled the eligible list on the grounds that the multiple choice question written examination failed to indicate which questions pertained to each of the two general subject areas, "Technical Knowledge" and "Abilities/Dimensions", previously announced in the notice of examination, and that the passing grade, which was properly set after taking into consideration the anticipated personnel needs of the Department of Correction, was not established until ap-

proximately one year after the Department had projected its personnel needs. According to the IAS Court, the setting of the passing grade at such time was not "as soon as practicable." Neither ground has any validity or provides any legal justification to annul an eligible list. Accordingly, we reverse and reinstate the list.

There is no statutory, regulatory or other legal requirement to provide on the examination itself directions or information that would identify the general subject area upon which a particular question is testing the candidate. Here, the notice of examination complied with the Department's own rules and properly informed the candidates as to the examination's content. In that regard, it was more than adequate for its purpose. (*See, e.g., Matter of Meyer v Kaplan*, 22 AD2d 449, 450, *affd* 16 NY2d 693.) The testing agency is required to follow its own rules and is not obliged to utilize additional notices or procedures not provided for in its rules. (*See, Matter of Goodman v Department of Civ. Serv.*, 151 AD2d 481, 482.) As to the timing of the determination of a passing grade, the notice of examination specifically advised the candidates that "[t]he pass mark * * * will be determined after an analysis of the test results and may be based upon the needs of the Department of Correction." The courts have sustained the setting of a passing grade based on the anticipated personnel needs of the agency in which the candidates are to serve. (*Matter of Bruno v Le Bow*, 60 NY2d 826.) Neither petitioner, an unsuccessful examination candidate, nor the IAS Court indicated in any way how the timing of the setting of the passing grade unlawfully benefitted or injured any test candidate or group of candidates, or favored or was intended to favor any candidate or group of candidates or otherwise had any anti-competitive effect which would render the examination unsuitable as a testing device. Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ.