OPINION OF THE COURT
Harold J. Hughes, J.
Petitioner seeks judgment annulling respondent’s determination that she is not entitled to Tier I membership in the New York State Employees’ Retirement System.
Petitioner was employed by the State of New York as a mental hygiene therapy aide at an annual salary of $5,772 from July 20, 1972 to March 1, 1973. She was designated as a temporary employee. She did not apply for membership in the employees’ retirement system. Petitioner reentered State employment on December 20, 1976, and joined the employees’ retirement system as a Tier III member. During the latter part of 1982 petitioner requested that she be classified a member of Tier I as opposed to Tier III. On April 1, 1983, the retirement system issued its determination that pursuant to subdivision g of section 40 of the Retirement and Social Security Law, membership in the system is optional for individuals serving on a temporary basis, and since petitioner never elected to join the system during her prior State service there was no basis for redetermining her membership status. An administrative hearing was held during which petitioner contended that she had never been *334 informed of her right to join the retirement system during her employment as a mental hygiene therapy aide. This proceeding ensues from the adverse administrative decision.
Petitioner’s position is that under subdivision b of section 40 of the Retirement and Social Security Law, upon the completion of six months of service she became a mandatory member of the retirement system whether she filed a written election to join or not. If by operation of subdivision b of section 40 petitioner was a mandatory member of the retirement system during her initial State employment, her membership would never have terminated since she reentered State service within five years of March 1,1973 (Retirement and Social Security Law, § 40, subd f, par 1). The basis for respondent’s position is his interpretation of subdivision g of section 40 of the Retirement and Social Security Law which provides that,
“As to any class of persons whose compensation is only partly paid by the state or a participating employer or who are serving on a temporary or other than per annum basis, the comptroller, in his discretion, may * * *
“[m]ake optional the individual entrance of those whose membership otherwise would be mandatory” (emphasis supplied).
Respondent contends that the office of Comptroller has had a long-standing policy of making optional the entrance of temporary employees into the state retirement system. The Comptroller cites rules issued by his predecessor on January 3,1951, and February 4, 1952, which made membership in the retirement system optional for all temporary and provisional employees. Petitioner points out that the rules of 1951 and 1952 were never filed with the Secretary of State and promulgated as an official regulation and, thus, could not be applied to her. The crux of petitioner’s case is her contention that respondent’s interpretation of subdivisions b and g of section 40 of the Retirement and Social Security Law is irrational.
The courts will not permit a State employee to lose rights in the retirement system once obtained (Public Employees Federation, AFL-CIO v Cuomo, 62 NY2d 450). However, the pivotal issue is whether petitioner ever obtained membership during her initial employment, and that hinges upon the Comptroller’s interpretation of section 40 of the Retirement and Social Security Law. “[I]t is the duty of the agency responsible for the administration of a statute to determine the construction of its terms * * * and the agency’s construction must be upheld unless it is irrational or unreasonable” (Matter of Harder’s Express v State Tax Comm., 70 AD2d 1010, 1011, affd 50 NY2d 1050). An *335 interpretation of a statute adhered to for a long period of time by an administrative agency is to be accorded great deference by the courts (Kranker v Levitt, 68 Misc 2d 224, affd 30 NY2d 574). Here, the interpretation of subdivision b of section 40 of the Retirement and Social Security Law adhered to by the Comptroller for many years prior to petitioner’s employment is rational.
The court has considered petitioner’s other arguments and finds they lack merit. The petition will be dismissed, without costs.