In the Matter of AMERICAN TRANSIT INSURANCE COMPANY, Respondent, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, et al., Appellants.

First Department, December 18, 1984

#### APPEARANCES OF COUNSEL

*Robert S. Hammer* of counsel (*Melvyn R. Leventhal* and *Richard G. Liskov* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for appellants.

*Peter R. Cella* (*Jonathan L. Rosner* on the brief), for respondent.

#### OPINION OF THE COURT

MILONAS, J.

The sole issue on appeal involves the authority of the Superintendent of Insurance to appoint a Special Deputy Superintendent to be a hearing officer at an administrative proceeding.

Petitioner American Transit Insurance Company, a domestic property and casualty insurer, and several of its principal officers were charged with certain violations of the Insurance Law

and regulations promulgated thereunder. Pursuant to subdivision 1 of section 11 of the Insurance Law, respondent Superintendent of Insurance of the State of New York appointed Simon J. Liebowitz, a retired Justice of the Supreme Court, to act as hearing officer and to report his findings and recommendations to the Superintendent or his designee. According to respondent Superintendent, it was necessary to designate an outside hearing officer since "virtually all employees and Deputy Superintendent[s] of Insurance who were otherwise qualified to act as hearing officers had reviewed material related to and participated in conferences about American Transit Insurance Company." Thus, in order to protect petitioner's due process rights, respondent contends, the appointment of a hearing officer was warranted.

Following the commencement of the hearing, petitioner brought the instant proceeding pursuant to CPLR article 78, challenging the legal authority of the Superintendent of Insurance to appoint as a Special Deputy Superintendent to act as hearing officer a person who was not a full-time or salaried employee of the Department. Special Term, which found persuasive petitioner's interpretation of the relevant case and statutory law, granted the petition to the extent of declaring a nullity any hearing before respondent Liebowitz and directed the Superintendent to select a new hearing officer.

Subdivision 1 of section 11 of the Insurance Law provides that the "superintendent shall appoint a first deputy superintendent and may appoint other deputies as provided for by law". Section 23 of the Insurance Law states that unless "otherwise provided in this chapter, any hearing pursuant to this chapter may be held before the superintendent, any deputy superintendent, or any competent salaried employee of the department authorized by the superintendent for such purpose." The implementing regulation of the Insurance Department (11 NYCRR 4.2 [a]) declares that adjudicatory proceedings

"shall be conducted by a presiding officer chosen from among the following persons:

"(1) the Superintendent of Insurance;

"(2) any Deputy Superintendent of Insurance; or

"(3) any competent salaried employee of the department authorized by the superintendent for such purpose."

The law is clear that the Superintendent of Insurance "is vested with broad power to interpret, clarify, and implement the legislative policy". (*Breen v Cunard Lines S.S. Co.*, 33 NY2d

508, 511; *Ostrer v Schenck,* 41 NY2d 782.) Furthermore, the Superintendent "possesses whatever powers may be 'reasonably implied' from the statute" (*Ostrer v Schenck, supra,* at p 785). While the Superintendent, in formulating a regulation under section 23 of the Insurance Law (11 NYCRR 4.2 [a]), may have largely tracked the language of the statute, it is well established that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld." (*Matter of Howard v Wyman,* 28 NY2d 434, 438; see, also, *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Ostrer v Schenck, supra.*) To deny the Superintendent the authority to appoint a Special Deputy as a hearing officer simply because section 23 refers only to "any deputy superintendent" and does not specifically mention a Special Deputy Superintendent is to exalt form over substance. As the Court of Appeals asserted in *Matter of John P. v Whalen* (54 NY2d 89, 96): "The rule of construction that specific mention of one thing impliedly excludes others is not, however, anything more than an aid to construction and 'must not be utilized to defeat the purpose of an enactment or to override the manifest legislative intent' ".

There is no prohibition in the Insurance Law against the designation of Special Deputy Superintendents as hearing officers. Nor does the State Administrative Procedure Act (see § 303) specify that hearing officers be full-time salaried employees. However, assuming for the sake of argument that there are two possible definitions of the word "any", one of which would restrict the Superintendent to selecting a hearing officer from among the current group of Deputies and the other which would permit him to add to that group, then this court does not have the authority to find that the Superintendent's interpretation, which is not inconsistent with the legislative intent, is an improper choice. Indeed, the use by the Superintendent of Insurance of Special Deputies as hearing officers in appropriate situations has, according to the Department of Insurance, long been the customary practice, and, as the Court of Appeals has stated, "history is of far more than passing interest." (*McGowan v Mayor of City of N. Y.,* 53 NY2d 86, 94.)

There is certainly nothing unreasonable or irrational in the Superintendent's interpretation of the statutory phrase "any deputy superintendent" (Insurance Law, § 23) to include a Special Deputy Superintendent appointed for the purpose of conducting an administrative hearing. On the contrary, the employment of outside persons to act as hearing officers is desirable in instances where, as appears to be the case here, there has

been an allegation of bias and misconduct against Insurance Department personnel and in view of the pendency of a Federal civil rights action against a number of its high officials. Moreover, it is difficult to understand Special Term's conclusion that the "Superintendent has not demonstrated that no deputy superintendent or other competent salaried employee of the department could fairly and impartially serve as hearing officer." Even assuming that such a showing is mandated, which is by no means evident, the Superintendent has certainly established the fact that the designation of a Special Deputy Superintendent with regard to the instant matter was justified. Consequently, there was no basis for finding that the Superintendent of Insurance acted in excess of his authority in appointing respondent Liebowitz as hearing officer.

We note that if the Superintendent of Insurance had merely called his appointee a "hearing officer" — which, of course, he was — instead of using the words Special Deputy Superintendent, even the verbal basis for the present objection would not be present. (See State Administrative Procedure Act, § 303.)

Judgment of the Supreme Court, New York County (Edward Greenfield, J.), entered on March 23, 1984, which, *inter alia,* granted the petition pursuant to CPLR article 78 to the extent of declaring a nullity and hearings held before respondent Simon J. Liebowitz and directed respondent Superintendent of Insurance of the State of New York to select another hearing officer, should be reversed, on the law, to the extent appealed from and the petition dismissed to the extent appealed from, with costs and disbursements.

KASSAL, J. (dissenting). The issue is whether the Superintendent of Insurance has the statutory authority to appoint independent, nondepartmental hearing officers to preside over hearings within the Department of Insurance. In responding in the affirmative, the majority relies upon the absence of any prohibition contained in the Insurance Law. To the contrary, the relevant inquiry is the extent of express legislative authority conferred upon the Superintendent. In my view, the nomenclature used by the Superintendent in designating these independent, per diem hearing officers as "Special Deputies", is insufficient to create power where none exists.

Petitioner, American Transit Insurance Company, is a domestic insurer, licensed by the Insurance Department. On April 22, 1983, the Superintendent appointed "a Special Deputy Superintendent", to conduct hearings on possible violations of insurance regulations as to proposed rates filed by petitioner. The hear-

ings, involving the fixation and approval of rates are clearly of a complex nature and, as a result, were expected to be protracted. This CPLR article 78 proceeding was brought to enjoin the holding of a hearing upon allegations that the Superintendent, by designating an outside, nondepartmental hearing officer, was acting in excess of authority under the Insurance Law and related regulations.

Section 10 of the Insurance Law creates "an insurance department", headed by "the superintendent of insurance". Subdivision 1 of section 11 of the Insurance Law vests in the Superintendent the power to appoint "a first deputy superintendent" and to "appoint other deputies *as provided for by law*" (emphasis added). The statutory authority for the conduct of departmental hearings is contained in section 23 of the Insurance Law as follows: "Unless otherwise provided in this chapter, any hearing pursuant to this chapter may be held before the *superintendent, any deputy superintendent, or any competent salaried employee of the department* authorized by the superintendent for such purpose" (emphasis added). The insurance regulations (11 NYCRR 4.2 [a]) track the language of the statute and similarly direct that adjudicatory proceedings

"shall be conducted by a presiding officer chosen from among the following persons:

"(1) the Superintendent of Insurance;

"(2) any Deputy Superintendent of Insurance; or

"(3) any competent salaried employee of the department authorized by the superintendent for such purpose."

I fully agree with my colleagues that the Superintendent has the power to interpret, clarify and implement legislative policy (*Ostrer v Schenck*, 41 NY2d 782, 785) and that his authority extends to power "reasonably implied" from the statute. However, the Superintendent's authority is restricted in that it may not extend beyond the express power conferred by the Legislature. The statute clearly does not contain a provision which gives general authority to the Superintendent to retain independent, outside persons as hearing officers, as was done in this case. The fact that the Superintendent designates the hearing officer "a Special Deputy" is not controlling. In my view, the majority improperly relies upon the appellation used in making the appointment and thereby exalts form over substance. My colleagues also overlook that the title "Deputy Superintendent" has a precise meaning and refers to the title held by specifically designated persons, each a Deputy Superintendent with respon-

sibility for a particular area of regulation within the Department of Insurance.

Both the statute and implementing regulations are clear as to the legislative intention to restrict the authority of the Superintendent so that hearings may be held only before the Superintendent, any Deputy Superintendent, or any competent salaried employee of the Department. Had the Legislature intended to confer broader power upon the Superintendent, as the majority has held here, it would have specifically done so and it would have been unnecessary to further limit the designation in section 23 of the Insurance Law of those persons authorized to preside, to "any competent salaried employee of the department".

While the majority reaches its conclusion based upon the absence of any prohibition in the Insurance Law against the designation of outside, nondepartmental hearing officers, their conclusion does not take into account that the Superintendent has only the power which the Legislature conferred upon him. Nothing in the statute authorizes the holding of such hearings before independent hearing officers, concededly retained on a per diem basis and not salaried employees of the Department. The legislative wisdom underlying such restrictive statutory authority is not before us. I believe the Legislature had a definite purpose in expressly providing for a different procedure as to insurance hearings than for the holding of departmental or agency hearings by other administrative and executive departments.

For example, section 41 of the Executive Law authorizes the Comptroller to appoint four Deputies and broadly authorizes him to appoint "such other officers, assistants and employees as he may deem necessary for the exercise and performance of his powers and duties and those of the department." Similarly, section 62 of the Executive Law authorizes the Attorney-General to "appoint such assistant attorneys-general, deputy assistant attorneys-general and attorneys as he may deem necessary" and provides that any reference in the statute to Deputy or Deputy Attorney-General "shall be deemed to refer to and include assistant attorneys-general, deputy assistant attorneys-general or attorneys appointed by the attorney-general." The fact that the Executive Law, in dealing with the Comptroller and the Attorney-General, confers broader authority than the more restrictive statutory provisions as to the Insurance Department in sections 11 and 23 of the Insurance Law, is a legislative determination and compels the conclusion that the limitation as

to Insurance Department was by designation. Conceivably, the Legislature recognized that proceedings within the Insurance Department may be complex, such as the fixing of rates and premiums, as here, where technical expertise would be desirable and critical. In my view, what is dispositive is the absence of any express statutory provision authorizing the use of independent hearing officers, not salaried employees of the Department.

Section 303 of the State Administrative Procedure Act, relied upon by the majority, has no application here. The statute, authorizing the designation of hearing officers to preside over agency hearings, provides "[e]xcept as otherwise provided by statute," thus eliminating from its scope those areas where the Legislature has enacted express statutory provisions. In connection with hearings held within the Insurance Department, the Legislature has "otherwise provided" in section 23 of the Insurance Law that hearings be held before "the superintendent, any deputy superintendent, or any competent salaried employee of the department authorized by the superintendent for such purpose."

Moreover, the term "Deputy" Superintendent is explicitly defined in subdivision 13 of section 4 of the Insurance Law as "the first, or other deputy superintendent of insurance of this state." There is no other definition or provision for the appointment of "Special Deputy Superintendents", except in liquidation proceedings, where section 532 of the Insurance Law provides for appointment of and compensation for "special deputy and assistant special deputy superintendents of insurance". Section 532, however, is inapplicable here since it is expressly limited to liquidation and rehabilitation proceedings provided for in article XVI (Insurance Law, § 510 et seq.).

The legislative history of sections 11 and 23 of the Insurance Law further supports the conclusion reached at Special Term. The present statute was enacted as part of a recodification of the Insurance Law in 1939 (L 1939, ch 882). Prior to the recodification, however, the statutory language was different and broader and provided in then section 5 of the Insurance Law referring to Deputy Superintendent and clerks: "The superintendent of insurance shall employ from time to time necessary clerks to discharge such duties and to be paid such compensation as he shall prescribe. He shall appoint one or more of such clerks to be his deputies." This section was deleted in the 1939 recodification and the present section 23 of the Insurance Law was enacted, containing a provision restricting the persons who may preside over departmental adjudicatory proceedings. The change in the

legislative provision is significant and evinces an intention to limit who may be hearing officers. While the majority states that the use of outside hearing officers has been "the customary practice" within the Insurance Department, this is not pertinent to the issue in the face of the present challenge. The propriety of the procedure is governed by the express legislative authority conferred upon the Superintendent. As applied here, the absence of legislative authority to retain outside, nondepartmental hearing officers, whatever they may be called, is dispositive. Since the power to do so was not vested in the Superintendent, it does not exist. In my view, my colleagues have improperly engaged in judicial legislation by expanding the statutory power of the Superintendent.

Accordingly, the judgment, Supreme Court, New York County (Edward Greenfield, J.), entered March 23, 1984, declaring that the Superintendent acted without statutory authority in designating an independent, outside hearing officer and directing that a proper designation be made in accordance with section 23 of the Insurance Law should be affirmed.

Asch, J. P., and Silverman, J., concur with Milonas, J.; Kassal, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on March 23, 1984, reversed, on the law, to the extent appealed from, and the petition dismissed to the extent appealed from. Appellant shall recover of petitioner-respondent $75 costs and disbursements of this appeal.