OPINION OF THE COURT
Robert W. Doyle, J.
Petitioner in this CPLR article 78 proceeding seeks judgment annulling and vacating the resolution of the Town Board of the Town of Islip which revoked petitioner’s solid waste disposal permit and canceled three contracts between the petitioner and the town, effective November 30, 1987.
The undisputed facts are as follows: On or about February *844 27, 1987 petitioner entered a plea of guilty to conspiracy in the fifth degree in connection with a scheme to withhold funds from the town that were due and owing for garbage disposal space and services amounting in excess of $1,501. The withholding of funds was brought about with the assistance of Town of Islip employees at the landfill through payment by the petitioner to such employees with the understanding that petitioner’s trucks would be permitted to discharge refuse at the site without paying the required fees. By letter dated June 17, 1987, petitioner was notified by respondent John P. Petito, the Environmental Control Commissioner of the Town of Islip, that a hearing would be held before a Hearing Officer to consider the revocation of petitioner’s 1987 solid waste disposal permit. Such a hearing was thereafter held before the Hearing Officer, respondent Alfred E. Werner. On September 10, 1987, Werner issued his report to the Town Board and, on the basis thereof, following a public hearing on October 6, 1987, the Town Board adopted a resolution on October 20, 1987 revoking the 1987 Town of Islip solid waste removal and disposal permit.
Petitioner contends the October 20, 1987 resolution of the respondent Town Board should be vacated on the grounds that:
(a) The penalty imposed represents a radical departure from penalties previously imposed for similar or less serious offenses;
(b) The revocation of petitioner’s permit is so disproportionate to the gravity of the offense committed as to be shocking to one’s sense of fairness;
(c) Respondents have failed to comply with the requirements of Town Law § 137 in revoking the permit;
(d) Respondents were without jurisdiction to conduct the proceedings which resulted in the revocation of petitioner’s permit;
(e) Respondents relied upon hearsay evidence and violated petitioner’s constitutional rights to cross-examine a witness;
(f) The resolution adopted by respondents contains no findings or reasons for revoking the permit; and
(g) The revocation is otherwise arbitrary, capricious and an abuse of discretion and made in violation of lawful procedure.
The initial question that engages the court’s attention is whether or not respondents had jurisdiction to conduct the proceeding. Respondents have proceeded against petitioner *845 purportedly pursuant to a resolution adopted June 19, 1984 which provides in pertinent part as follows: "resolved, that whenever the Department of Environmental Control forwards to the Town Attorney a report of an alleged violation of Chapter 21 of the Town Code, the Town Attorney shall arrange for a hearing pursuant to Town Code Chapter 21 and Town Law Section 137 to revoke the Solid Waste Permit of the alleged violator and the Supervisor shall appoint a Hearing Officer, who shall be either the Town Clerk, a Commissioner, a Deputy Commissioner, or a Director, to take testimony, hear the recommendations of the Commissioner of Environmental Control and report the findings to this Town Board.”
Petitioner contends and presents evidence to establish there was never any written report forwarded by the Department of Environmental Control to the Town Attorney of a violation by petitioner of chapter 21 of the Town Code. Thus it is contended there was no basis for the Town Attorney to arrange for a hearing before the Hearing Officer. The Town Board, however, concluded at the hearing that there is no requirement that the report be written.
Deference must be given to the Board’s interpretation of the statute. As was stated in Matter of Tommy & Tina v Department of Consumer Affairs (117 Misc 2d 415, 422, affd 95 AD2d 724, affd 62 NY2d 671): "The construction given statutes and regulations by the agency responsible for their administration will, if not irrational or unreasonable, be upheld. (Matter of Howard v Wyman, 28 NY2d 434.)” (See also, Charles v Regan, 126 Misc 2d 333; City of New York v Blum, 121 Misc 2d 982.)
However, as noted, petitioner has contended that no report of any kind was forwarded by the Department of Environmental Control to the Town Attorney. Respondents have offered nothing more than the statements of Assistant Town Attorneys, made on information and belief, that there was some sort of oral communication. Neither the sources of the information nor the basis of their belief, nor the identities of the forwarder and recipient of the report, nor the substance of the report was revealed to the Hearing Officer, the Town Board or the court. The court is constrained to agree with petitioner that there never was a report forwarded by the Department of Environmental Control to the Town Attorney.
Such finding, however, does not end the court’s inquiry. Petitioner posits that the forwarding of a report by the *846 Department of Environmental Control to the Town Attorney is the exclusive method for bringing on a hearing before the Hearing Officer. Indeed, a literal reading of the June 1987 resolution would seem to so indicate. It is well settled that rules of an administrative agency, duly promulgated, are binding upon the agency as well as upon any other person who might be affected (see, Matter of Frick v Bahou, 56 NY2d 777; see also, Matter of Nekoosa Papers v Chu, 115 AD2d 821; Matter of Epstein v Valenti, 97 AD2d 881; Allen v Blum, 85 AD2d 228, affd 58 NY2d 954). It is equally settled that "[c]ourts will not blindly construe statutes or the rules or regulations of an administrative agency in a manner which thwarts the obvious legislative intent and reaches unreasonable, absurd and unexpected consequences” (Matter of Allstate Ins. Co. v Libow, 106 AD2d 110, 114 affd 65 NY2d 807).
In the case at bar, adoption of the "literal language” of the June 1984 resolution would thwart the obvious legislative intent which was to provide a mechanism for the Town Attorney to initiate disciplinary proceedings against holders of solid waste permits who have violated any provisions of the local law. It would be absurd, indeed, to suggest that the Town Attorney must close his eyes to evidence of violations of the Town Code unless the evidence was supplied in a report of the Department of Environmental Control. The court holds that once the Town Attorney learned of the alleged violation, irrespective of the source of the information, he was permitted, nay duty bound, to take the steps necessary to bring on a formal inquiry into the facts and circumstances thereof. The claimed procedural deficiency, if any, is here found to be insubstantial and insufficient to deprive the town of jurisdiction to conduct proceedings to revoke petitioner’s permit under section 137 of the Town Law and section 21-14D of the local law.
Once it is concluded, as here, that substantial evidence supports the finding of guilt, the court is limited to determining whether the penalty imposed is so arbitrary or excessive as to shock one’s sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 230-231, 233; Tombler v Board of Educ., 109 Misc 2d 821, 825). "The question is not whether [the court] might have imposed another or different penalty, but whether the agency charged with disciplinary responsibility reasonably acted within the scope of its powers” (Matter of Chilson v Board of Educ., 34 NY2d 222, 238). In determining whether or not the penalty is disproportionate to the offense the court *847 may consider factors such as the loss occasioned by dismissal without alternative means to earn a livelihood and the effect upon innocent family of the punished person — "but only in cases where there is absent grave moral turpitude and grave injury to the agency involved or to the public weal. But deliberate planned, unmitigated larceny [as here] * * * is not of that kind” (Matter of Pell v Board of Educ., supra, at 235). Under the circumstances herein, the court declines to substitute its discretion for that of the Town Board.
Petitioner has presented evidence in its behalf of a five-year unblemished record. Notwithstanding the same, the action taken by the Town Board was reasonably within the permissible scope of its discretion and, in the weighing process, "must be accorded greater weight or recognition” (Matter of Pell v Board of Educ., supra, at 239).
Insofar as it is claimed there were improprieties at the hearing before the Hearing Officer, the court would note only that an administrative hearing is not required to comply with technical rules of procedure and evidence so long as the fundamentals of a fair hearing are not violated (Matter of Sowa v Looney, 23 NY2d 329). Here any prejudice allegedly resulting to petitioner is not so substantial as to require the setting aside of the administrative determination, especially in the light of the uncontradicted evidence of petitioner’s criminal conduct (cf., Matter of Souvy v Board of Educ., 51 AD2d 628).
The court has considered petitioner’s contention that respondents have not complied with Town Law § 137 by failing to state the reason for the revocation and finds no merit therein. The cited section provides in substance that the Town Board may revoke any license issued under the authority of this article "to any applicant whom the town board shall determine to be an undesirable person or incapable of properly conducting the trade or business previously licensed”. The reasons stated in the town’s October 20, 1987 resolution are, inter alia, that petitioner and others have admitted in criminal proceedings to participation in a scheme to deprive the town of moneys due and owing for garbage disposal space; have deprived the town of the moneys lawfully due, and have damaged the town by diminishing the public’s confidence in the town’s ability to properly administer the disposal of solid waste and the collection of fees. Ample evidence was presented at the hearing before the Board to support its determination. The court thinks the reasons asserted by the Board to *848 revoke the license were adequate even absent incantation of the talismanic verbiage of the statute.
The court has considered petitioner’s remaining contentions and finds no merit therein.
In view of the foregoing, the proceeding is dismissed.