■ In the Matter of BERNARD D. KUEBLER, as Trustee under the Will of CHARLES KUEBLER, Deceased, Petitioner, v HENRY G. WILLIAMS, as Commissioner of the Department of Environmental Conservation of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Environmental Conservation, dated September 18, 1986, which, after a hearing, denied the petitioner's application for tidal wetlands variances under Environmental Conservation Law article 25.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

Pursuant to Environmental Conservation Law article 25 (the Tidal Wetlands Act) and the implementing regulations set forth in 6 NYCRR part 661 (the Tidal Wetlands—Land Use Regulations), a property owner who seeks to build on lands which are designated either tidal wetlands or an adjacent area must apply for a permit prior to doing so *(see,* 6 NYCRR 661.3, 661.9). To this end, 6 NYCRR 661.10 (b) (1) sets forth the standards for issuance of permits, and allows the Department of Environmental Conservation to issue a permit only if it is determined that the proposed activity, *inter alia:*

"(i) is compatible with the policy of the act to preserve and protect tidal wetlands and to prevent their despoliation and destruction * * *

"(ii) is compatible with the public health and welfare;

"(iii) is reasonable and necessary, taking into account such factors as reasonable alternatives to the proposed regulated activity and * * *

"(iv) complies with the development restrictions contained in section 661.6".

In the case at bar, it is clear from the record that the Administrative Law Judge did in fact adhere to the standards set forth in 6 NYCRR 661.10, and, in so doing, determined that approval of the proposed regulated activity would not be in conformity with the Tidal Wetlands Act. Our review of the

record reveals that there was sufficient evidence to support the Commissioner's determination, and that there exists a rational basis for the denial of the petitioner's application for variances under the Tidal Wetlands Act. Inasmuch as the doctrine is well settled that the scope of judicial review of whether the determination of an administrative body after a judicial or quasi-judicial hearing has sufficient evidentiary support is limited to the issue of whether that determination is supported by substantial evidence *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Tellerman v New York City Tr. Auth.,* 99 AD2d 512), there is no reason to disturb the instant determination. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.