**36** In the Matter of MICHAEL GRAY, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of the Green Haven Correctional Facility, dated August 11, 1987, made after a hearing, finding the petitioner guilty of misbehavior and imposing penalties, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Weiner, J.), dated November 12, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner sought to review a determination made fol-

lowing a Superintendent's hearing on the grounds that (1) the respondents' failure to issue a decision within 60 days of receipt of the petitioner's appeal violated 7 NYCRR 254.8 and (2) the failure of the respondents to file guidelines for disciplinary proceedings setting forth a range of specific sanctions violated Correction Law § 138 (3). The respondents moved to dismiss the petition pursuant to CPLR 3211 (a) and 7804 (f) on the ground that it failed to state a cause of action. We find that the Supreme Court properly granted that motion.

7 NYCRR 254.8, the rule which governs appeals from dispositions of a Superintendent's hearing, provides, *inter alia,* that "The commissioner or his designee shall issue a decision within 60 days of receipt of the appeal". The respondents received the petitioner's appeal on June 5, 1987, but did not issue a decision until August 11, 1987. Contrary to the petitioner's contentions, however, the 60-day time limit in this regulation must be construed as being directory rather than mandatory and thus the respondents will be ousted of jurisdiction only where substantial prejudice can be demonstrated *(see, Matter of Sheppard v LeFevre,* 116 AD2d 867; *see also, Matter of Qasim v Scully,* 135 AD2d 856). We find that the petitioner in the instant case has failed to demonstrate such prejudice.

We note that the petitioner has withdrawn his claim relating to Correction Law § 138 (3) in light of the recent decision the Court of Appeals in *Matter of Coleman v Kelly* (72 NY2d 850). Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.