■ In the Matter of GREGORY PAPADOPOULOS, Petitioner, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environmental Conservation, dated December 21, 1987, which, after a hearing, denied the petitioner's application for a tidal wetlands permit for the erection of a timber bulkhead.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner sought permission from the New York State Department of Environmental Conservation (hereinafter DEC) to construct a residential structure, a pool, and other structures within 10 feet of a regulated wetland located in the Village of Quogue in the Town of Southampton. Erection of such structures ordinarily must be at least 75 feet from the regulated area (see, 6 NYCRR 661.6 [a] [1]). Treating the petitioner's application as one for a variance pursuant to 6 NYCRR 661.13, the DEC granted the requested permit on the condition, inter alia, that "[s]hould further stabilization be necessary in the future, that stabilization construction will be either rock or rip rap or stone filled gabions". Subsequently, the petitioner applied for a permit to stabilize the shoreline of his property by the construction of a vertical wooden bulkhead. A hearing was held, and the petitioner's application was denied.

The petitioner claims that the determination by the respondent was not supported by substantial evidence. We disagree. Under the ECL, the petitioner bears the burden of demonstrating that the proposed activity will be in complete accord with the purposes underlying the wetlands legislation (ECL 25-0402 [1]). The regulations promulgated thereunder place on the petitioner the burden of demonstrating that the activity is, inter alia, (1) compatible with the policy of preserving and protecting the tidal wetlands and will not have an undue adverse impact on the area; and (2) "reasonable and necessary, taking into account such factors as reasonable alternatives to the proposed regulated activity" (6 NYCRR 661.10 [b] [1] [i]-[iii]; see also, Matter of Kuebler v Williams, 137 AD2d 532). The Commissioner determined that the petitioner failed to sustain this burden. This conclusion was based on the DEC's evidence that the use of the vertical bulkhead would have an undue adverse effect on the environment and that reasonable alternative stabilization methods existed. Based on his personal observation of the neighboring properties, which had vertical bulkheads, a DEC expert testified that the vertical bulkhead would likely cause significant erosion and a

lowering of the elevation of the wetland as well as a loss of vegetation. He further stated that the vertical structure would cause the rebounding of waves which would undermine the soil at the foot of the bulkhead. The structure would also cause the buildup of decaying organic matter, or "rack", at the foot of the structure, which would in turn suffocate nearby vegetation. Conversely, the expert opined that a riprap or gabion structure could be constructed in a sloped embankment upon which the waves could wash up, thereby eliminating the threat of erosion. Similarly, these alternate stabilization methods would not pose a threat to the vegetation of the wetland, inasmuch as the "rack" would also wash up on the slope, decompose, and encourage the growth of vegetation which would further fortify the structure.

In contrast, the petitioner's evidence was self-contradictory. His first expert testified that the stabilization of the shoreline was necessary, or the house would be washed away. However, his second expert testified that the stabilization of the petitioner's shoreline was not necessary to its continued existence, but that such stabilization would permit his expanded use of the property and would produce an increase in the value of his property. Moreover, the petitioner's experts failed to adequately address and rebut the DEC's showing that an adverse effect on the wetland area would likely result from the construction of a vertical bulkhead.

In view of the foregoing, we conclude that the Commissioner's determination is supported by substantial evidence (see, Matter of Collins v Codd, 38 NY2d 269; see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). Accordingly, the petitioner's claim must fail (see, Matter of Kuebler v Williams, supra).

We have considered the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.