■ In the Matter of JAMES H. RAMBO, INC., Petitioner, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated September 28, 1989, which, after a hearing, assessed a civil penalty against the petitioner for violation of ECL articles 25 and 71 and 6 NYCRR part 661.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner challenges the Commissioner's determination that it constructed a bulkhead without a permit in violation of the Tidal Wetlands Act (ECL art 25). It is well established that upon judicial review of the evidentiary support for a determination made by an administrative body after a hearing, the court's consideration is limited to whether the determination is supported by substantial evidence *(see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Papadopoulos v Jorling,* 151 AD2d 764). It is equally well settled that an agency's interpretation and construction of its own regulations and the legislation under which it functions will be given special deference by the courts if that construction is not irrational or unreasonable *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of American Tr. Ins. Co. v Corcoran,* 105 AD2d 30, 32, *affd* 65 NY2d 828; *Matter of Greenthal Co. v State Div. of Hous. & Community Renewal,* 126 Misc 2d 795, 799; *Matter of Charles v Regan,* 126 Misc 2d 333, 334; *Matter of City of New York v Blum,* 121 Misc 2d 982, 982-989). The evidence elicited at the hearing supports a finding that the structure in question falls within the statutory definition of "regulated activity" or use "29" of 6 NYCRR 661.5 (b), both of which require a permit. Therefore, the respondent's conclusion that the petitioner's activity required a permit was not irrational.

The petitioner contends that the determination must be set aside because the respondent rendered a decision more than 60 days after the close of the record, including receipt of the transcript, in violation of 6 NYCRR 622.13, 622.14 and 622.15. The respondent did not render a decision until September 28, 1989, almost two years after the conclusion of the hearing on April 1, 1987, and the receipt of the transcript on October 1, 1987. Although the regulations set forth time limitations for preparing and submitting a hearing report and rendering a decision, there is nothing in the language of those regulations which would indicate that those time limitations are mandatory. Accordingly, we conclude that the time limits are merely directory. Therefore, the delay in reaching a determination did not render it invalid *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 171, 172; *Matter of King v Carey,* 57 NY2d 505, 512-513; *Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 817-818; *Matter of Grossman v Rankin,* 43 NY2d 493, 501; *Matter of Gray v Scully,* 148 AD2d 609,

610; *Matter of County of Suffolk v Gioia,* 96 AD2d 220, 224).
Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.