■ In the Matter of DONALD L. CLEVELAND, Doing Business as WESTBRIDGE INSURANCE GROUP, Petitioner, v DEPARTMENT OF INSURANCE OF THE STATE OF NEW YORK et al., Respondents. [614 NYS2d 620] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found that petitioner violated certain provisions of the Insurance Law and imposed a civil penalty.

Petitioner, an insurance broker and excess line broker (see, Insurance Law § 2105), licensed to do business in New York, was asked by an out-of-State broker whether he would obtain and deliver, for the benefit of a New York corporation, a policy of patent infringement abatement insurance underwritten by Intellectual Property Insurance Services Corporation and provided by the Homestead Insurance Company, neither of which is authorized to do business in New York. The policy at issue provides coverage for expenses incurred in bringing suit to prevent others from infringing upon the rights conferred by the insured patents. After determining that this kind of insurance is not available from New York insurers, petitioner agreed to act as the excess line broker for the policy. When, however, petitioner filed the appropriate affidavits with the Excess Line Association of New York, that Association, being of the opinion that expense-only coverage, without any provision for indemnification, is not considered insurance in New York, refused to stamp the affidavits (see, Insurance Law § 2118 [b] [3] [A]; § 2130 [a] [3]). Petitioner then sought clarification from respondent State Department of Insurance (hereinafter the Department), which informed him that he did not have authority to place the subject policy because the type of insurance it provides is not included among those that may be procured by excess line brokers (see, Insurance Law § 2105 [a]; § 1113 [a]), and because it was written on a "claims-made" basis in violation of a regulation prohibiting the same (see, 11 NYCRR 73.2). In accordance with the Department's advice, petitioner refunded the fee he had received for his services and requested cancellation of the policy, but Homestead did not cancel it. The Department thereafter cited petitioner for various insurance law violations.

Following a formal disciplinary hearing at which petitioner and a representative from the Department testified and exhibits were received in evidence, respondent Superintendent of Insurance determined that petitioner had acted improperly in placing the subject policy because (1) it was a "claims-made" policy of a type not listed in 11 NYCRR 73.2, (2) it provided a type of insurance that excess line brokers are not allowed to place, and (3) he had aided an unlicensed broker to place the policy and had not complied with the requirements of Insurance Law § 2118. Petitioner was ordered to pay a fine of $350 or have his licenses revoked.

In this CPLR article 78 proceeding, petitioner seeks annulment of the Superintendent's determination as well as a declaration that Regulation 121 (11 NYCRR part 73), or portions thereof (see, 11 NYCRR 73.2) are invalid, and that patent infringement abatement insurance falls within one or more of the types of insurance enumerated in Insurance Law § 1113 (a). In their brief, however, respondents concede that Regulation 121 is "wholly inapplicable to the insurance policy sold here" and withdraw the alleged violation of that regulation as a basis for their determination. Inasmuch as petitioner has asserted that he has "no interest in" writing other "claims-made" policies, now or in the future, and any declaration of the validity of that regulation would constitute a purely advisory opinion "involving hypothetical future transactions of unknown parties" (Herzog Bros. Trucking v State Tax Commn., 72 NY2d 720, 725), with no immediate benefit accruing to petitioner as a result (see, Connor v Siebert, 83 AD2d 698, 699, affd 56 NY2d 674), no useful purpose is served by our addressing this issue now. Without expressing any opinion as to Regulation 121's validity, the Superintendent's determination, to the extent that it is predicated on that regulation, is hereby annulled.

In addition to claiming that Regulation 121 is invalid, petitioner also contends that respondents mistakenly decided that patent infringement abatement insurance is not a type of insurance that excess line brokers are permitted to place, and in finding that he aided an unlicensed broker to place the insurance in violation of 11 NYCRR 27. These contentions are meritless.

In an attempt to force the subject policy into the definition of "burglary and theft insurance" (see, Insurance Law § 1113 [a] [7]), petitioner urges that the infringement of a patent is a form of conversion. Whether this is true or not, it ignores the part of that definition which limits burglary and theft insur-

ance to policies that insure against "loss of or damage to" the property insured (Insurance Law § 1113 [a] [7] [C]). Respondents correctly note that even if a patent, or the rights it confers upon its owner, could be considered to be lost or damaged when infringed upon, the policy in question does not provide indemnification for damages occasioned by the loss of these rights, or for the loss of profits that may result. Rather than indemnifying for the loss of property, the policy simply provides for payment of litigation expenses arising out of certain litigation commenced by the named insured. As it was not unreasonable for the Superintendent to conclude that the insurance was not authorized by Insurance Law § 1113 (a), this aspect of the Superintendent's determination is to be upheld *(see, Matter of New York Pub. Interest Research Group v New York State Dept. of Ins.,* 66 NY2d 444, 451; *Matter of American Tr. Ins. Co. v Corcoran,* 105 AD2d 30, 32, *affd* 65 NY2d 828).

Nor are we convinced that the Superintendent improperly concluded that petitioner violated Insurance Law § 2118. Petitioner acknowledged that he did not personally verify that the kind of insurance sought by the insured was unobtainable in New York, and implicit in the Superintendent's determination is the conclusion that petitioner was not relieved from doing so because "another broker" had secured the necessary declinations and completed an affidavit to that effect. We do not feel the Superintendent's interpretation, to the effect that the term "another broker" as used in Insurance Law § 2118 (b) (3) (A) was intended to encompass only brokers licensed to do business in New York, to be unreasonable, for respondents quite rightly assert that allowing the use of affidavits from brokers who are not licensed in New York to satisfy the statutory mandate—the view urged upon us by petitioner— would not comport with the Legislature's intent, which was to maintain accountability by requiring signed affidavits from parties over whom the Department has regulatory authority.

Cardona, P. J., White, Weiss and Peters, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found a violation of 11 NYCRR 73.2 and imposed a penalty therefor; matter remitted to respondents for a redetermination of an appropriate penalty; and, as so modified, confirmed.